52 CCPA

**Application of Robert E. FARISH, Jr.**

**Patent Appeal No. 7311.**

United States Court of Customs and Patent Appeals.

Feb. 11, 1965.

A. Harry Crowell, D. Paul Weaver, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of all claims, 1–5, in application serial No. 11,171, filed February 26, 1960, for "Warning Light for Vehicles."

The invention is an auxiliary back-up light on the roof of a vehicle such as an automobile, the position providing greater height and visibility than is afforded by the conventional location of back-up

lights at the rear of the vehicle Claim 1 reads as follows:

"1. An auxiliary reverse gear actuated back up warning light for vehicles having a back-up light switch and a battery, comprising a light housing positioned on the top of the vehicle adjacent the rear window, a warning light in said housing, and a connection from said warning light to said battery through said back-up switch whereby said light is actuated when the vehicle is put in reverse."

Claim 2 recites a "flasher" to impart an intermittent action to the warning light, claim 3 adds an interior "indicator light," claim 4 adds an interior "manual switch," and claim 5 recites that the light housing is "amber colored."

The references relied on are:

| | | |
|---|---|---|
| Smith (British) | 761,727 | Nov. 21, 1956 |
| Slater | 2,866,175 | Dec. 28, 1958 |
| Hallman | 2,205,169 | June 18, 1940 |

Smith discloses a safety reversing signal for motor vehicles which comprises a bright blue light fitted in such position on the roof of the vehicle as to serve as a warning signal to anyone who may be near the vehicle. The light is controlled from the gear lever when placed in reverse, or from the dashboard.

Slater discloses a vehicle signal system which combines back-up lights, turn signals and a park signal. The back-up lights may be actuated by "a combined dashboard mounted hand lighting and/or reverse gear lighting back-up signal switch." The turn signals are connected through a conventional *blinker* mechanism. In backing up, the combination of "Park," blinking directional and back-up signals indicates what the signalling vehicle is about to do.

Hallman discloses a signal light housing mounted on top of an automobile and having three portions indicating stops, right turns and left turns. One portion is amber colored. The patentee says that "suitable switch and tell tale means are necessary and should be located adjacent the driver's seat."

The board and the examiner found claim 1 to be fully met by the patent to Smith saying, "the introductory clause * * * stating that the appellant's back-up light is an 'auxiliary' warning light has no patentable significance but in any event the use of multiple light signals is common practice, as evidenced by the use of dual stop signals on automobiles." The board further said:

"We further note that auxiliary signal lights designed to be used in conjunction with the usual stoplights, operated jointly with the vehicle brakes, were a common item of commerce available at most of the chain stores specializing in the direct sale of automobile accessories to the driving public. These auxiliary stop-lights were arranged in the rear window of the vehicle to enhance the visibility of the signal. We view this arrangement, of which we take judicial notice, to make obvious the conjoint use of both the conventional back-up lights and the signal light of the British patent for one who chooses to provide a greater visibility of a signal light."

Claim 2 was held to add only obvious structure to that of claim 1 since it was believed to be "well known that emphasis can be given to any signal light by flashing" with a device as shown, for example, in Slater.

Claim 3 was held to add obvious structure to that of claim 2 in that it recites only the "normal or expected function" of a tell-tale light as in Hallman.

Claim 4 was held to add obvious structure to that of claim 3 since Smith discloses the control of the back-up light by either the reverse gear mechanism or the manual switch. To provide both was believed to be "merely following the usual practice of shunting an automatic switch with a manual switch as is the case of the manual and door operated switches for the dome light of the automobile."

The amber color of the back-up light, as set forth in claim 5 was held to be

without "patentable merit" in view of the Hallman patent.

We agree with the board's decision as above set forth in all respects and it is affirmed.

Affirmed.